UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**UNITED STATES OF AMERICA,**

v.

**SOLANLLY CABRERA,**

Cr. No. 2:01-cr-253-01 (WJM)

**OPINION**

This matter comes before the Court on Defendant Sollanly Cabrera's unopposed motion to amend a judgment of conviction pursuant to Federal Rule of Criminal Procedure 36. For the reasons set forth below, Cabrera's motion is **GRANTED**.

On April 19, 2001, Cabrera pled guilty to violating 18 U.S.C. § 371. Guilty Plea Agreement, ECF No. 46. The "Nature of Offense" section in Cabrera's judgment of conviction reads: "Conspiracy to Commit Food Stamp Fraud." Judgment of Conviction, ECF No. 52. Cabrera argues that the "Nature of Offense" section should be amended to read: "Conspiracy to violate 7 U.S.C. § 2024(b)(1)."

Rule 36 provides that "the court may at any time correct a clerical error in a judgment . . . ." Fed. R. Crim. P. 36. "Rule 36 may also be used to correct the judgment so that it shows the charges on of which defendant has been convicted." 3 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 641 (4th ed. 2013); *see, e.g.*, *United States v. Sampathkumar*, No. 6-cr-240 (W.D. Pa. Oct. 26, 2011) (granting Rule 36 motion to amend the "Nature of Offense" section of a judgment of conviction). Cabrera pled guilty to a one-count information charging a conspiracy to violate "the Food Stamp

1

Protection Act and the regulations promulgated thereunder, contrary to 7 U.S.C. § 2024(b)(1), in violation of 18 U.S.C. § 371." Guilty Plea Agreement at 1. Yet, the "Nature of Offense" section in Cabrera's judgment of conviction states that Cabrera committed "Conspiracy to Commit Food Stamp Fraud." Judgment of Conviction. The statute under which Cabrera was convicted, 18 U.S.C. § 371, makes no mention of "food stamp fraud." Instead, the statute criminalizes two distinct conspiracies: (1) a conspiracy to "commit any offense against the United States," and (2) a conspiracy to "defraud the United States." 18 U.S.C. § 371; *see also United States v. Alston*, 77 F.3d 713, 718 (3d Cir. 1995). "While the 'offense' clause requires reference to another part of the criminal code, the 'defraud' clause does not, simply because the substantive offense (fraud) is contained in the statute itself." *Alston*, 77 F.3d at 718. It is clear that Cabrera pled guilty to a conspiracy to violate 7 U.S.C. § 2024(b)(1). Cabrera did not plead guilty to "food stamp fraud."

Accordingly, the Court will **GRANT** Cabrera's motion to amend her judgment of conviction. The "Nature of Offense" section of the judgment of conviction shall now read: "Conspiracy to violate 7 U.S.C. § 2024(b)(1)." An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 24, 2013**